UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA

Case No. 1:16-cv-25131-Williams/Simonton

VINCENT AGUILAR, individually and on behalf of
all other similarly situated,

      Plaintiff,

v.

BLU PRODUCTS, INC. and ADUPS USA LLC,

      Defendants.
_____/

## BLU PRODUCTS, INC'S MOTION TO VACATE DEFAULT

Defendant, BLU PRODUCTS, INC. ("BLU Products") by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 55(c), respectfully moves for the entry of an order vacating the default entered against it on August 18, 2017 [D.E. 9]. In support thereof, BLU Products submits the Declaration of Bernard L. Egozi ("Egozi Declaration"), attached hereto as **Exhibit "A,"** and further submits the following:

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Defaults are seen with disfavor because of the strong policy of determining cases on their merits. *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir.1984). Good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In the Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). In considering a motion to set aside the entry of a default, a trial court should consider good cause liberally, keeping in mind that "[d]efaults are not favored and their strict

enforcement 'has no place in the Federal Rules.'" *Effjohn Intern'l Cruise Holdings, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citing *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991)). Several factors may be considered to determine whether there is good cause to set aside a default under Fed.R.Civ.P. 55(c). Some guidelines that courts frequently consider include: (1) whether the default was culpable or willful, (2) whether setting the entry of default aside would prejudice the adversary, (3) whether the defaulting party presents a meritorious defense, (4) whether the entry of default would cause significant financial loss to the defaulting party, and (5) whether the defaulting party acted promptly to correct the default. *Compania Interamericana v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir.1996) (citation and quotation omitted).

## ARGUMENT

There is good cause for vacating the clerk's default entered against BLU Products because (1) its failure to act was not willful; (2) setting aside the default does not prejudice the Plaintiff; (3) it has presented a meritorious defense; (4) it acted promptly to correct the default; (5) the default would cause significant financial loss to BLU; and (6) the public interest has not been implicated.

First, as explained in the Egozi Declaration, BLU Products's failure to timely respond to the complaint was due to an office calendaring error and was not an intentional or willful act. *See* Egozi Declaration at ¶¶ 7-8 (describing the calendaring mistake). Such a clerical error has been held to not rise to the level of willfulness. *See Gamez v. Hosp. Klean of Texas, Inc.*, No. SA-12-CV-517-XR, 2013 WL 1089040, at *2 (W.D. Tex. Mar. 14, 2013). Accordingly, this factor weighs in favor of vacating the default.

Second, in determining whether a meritorious defense exists, "'[t]he underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). Here, BLU Products has asserted a meritorious defense against the Complaint in the form of its Answer and Affirmative Defenses filed February 16, 2017 (D.E. 12) and is incorporated herein as though fully set forth. Accordingly, this factor militates in favor of granting the motion to vacate.

Third, setting aside the default will not prejudice Plaintiff. A plaintiff does not suffer prejudice sufficient to warrant upholding a default when setting it aside does "no harm to plaintiff except to require it to prove its case." *See Bent v. Smith, Dean & Associates, Inc.*, 2012 WL 1325031, at *2 (M.D.Fla.,2012) (*citing Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.,* 591 F.3d 1337, 1357 (11th Cir.2009) (*quoting Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir.2000). Instead, a plaintiff must show that setting aside the default judgment will result in "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (citation and internal quotation marks omitted). Plaintiff cannot credibly make such a showing here. This third factor thus weighs in favor of vacating the default.

Fourth, BLU Products acted expeditiously after it discovered the default. As set forth in the Egozi Declaration, counsel for BLU Products attended a meet and confer with Plaintiff's counsel on February 15, 2017, with respect to Plaintiff's proposed motion to consolidate this action with a prior filed action currently pending before this Court (*Bonds, et al. v. BLU Products, Inc., et al.*, Case No.: 16-24892-Civ-COOKE/TORRES). During that meet and confer,

Plaintiff's counsel advised BLU's counsel that the time had passed for responding to the Complaint and BLU's counsel subsequently realized that he had the incorrectly calendared due date. In response, BLU agreed to file (and did file) a responsive pleading the very next day (D.E. 12). Upon filing its Answer and Affirmative Defenses, BLU first learned that the Default had been entered the same day it filed its Answer. Egozi Declaration at ¶¶ 9-13. BLU Products is filing this motion one day after the Default was entered. Therefore, this factor similarly cuts in favor of vacating the default. *See, e.g., In re Marinez*, 589 F.3d 772, 778 (5th Cir. 2009) (expeditiousness shown when motion to vacate was filed nine days after entry of the default); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981) (motion filed 12 days after the discovery of the judgment was within reasonable time as that term is used in Rule 60(b) for vacating judgments).

Finally, if the Default is not vacated, it would cause significant financial loss to BLU in that BLU is currently defending two other class actions involving the same set of facts and plaintiff's counsel has already indicated an intention to move this Court for consolidation of this action with the *Bonds* action currently pending.

## CONCLUSION

Based on the record before the Court, good cause exists for relief from the entry of default. Accordingly, BLU Products respectfully requests that the Court enter an order vacating the Default entered on February 16, 2017, and granting such other and further relief as the Court deems just and proper. *Florida Physicians Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993) (defaults are disfavored based on the strong policy in favor of determining cases on their merits).

Pursuant to S.D. Fla. L.R. 7.1(a)(3), the undersigned has conferred with Plaintiff's counsel regarding the instant Motion, and Plaintiff's counsel has indicated that it takes no position with respect to the relief requested herein.

Respectfully submitted,

*s/ Bernard L. Egozi*
Bernard L. Egozi (Florida Bar No. 152544)
begozi@egozilaw.com
EGOZI & BENNETT, P.A.
2999 NE 191 Street, Suite 407
Aventura, Florida 33180
Telephone: (305) 931-3000

*Counsel for Defendant, BLU Products, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail through the CM/ECF system on this 16th day of February, 2017, on all counsel of record on the service list below.

*s/ Bernard L. Egozi*

**Service List**

**THE WILNER FIRM**

**Richard J. Lantinberg, Esq.**
Norwoord S. Silner
Richard J. Lantinberg
444 East Duval St., 2nd Floor
Jacksonville, FL 32202
Tel.: (904) 446-9817
Fax: (904) 446-9825
nwilner@wilnerfirm.com
rlantinberg@wilnerfirm.com

**LEVI & KORSINSKY LLP**
Lori G. Feldman
Courtney E. Maccarone
30 Broad Street, 24th Floor
New York, New York 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
lfeldman@zlk.com
cmaccarone@zlk.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Janine L. Pollack
Correy A. Kamin
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600
Fax: (212) 686-0114
pollack@whafh.com
kamin@whafh.com

*Attorneys for Plaintiff*

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA

Case No. 1:16-cv-25131-Williams/Simonton

VINCENT AGUILAR, individually and on behalf of
all other similarly situated,

      Plaintiff,

v.

BLU PRODUCTS, INC. and ADUPS USA LLC,

      Defendants.
_____/

## DECLARATION OF BERNARD L. EGOZI
## IN SUPPORT OF MOTION TO VACATE DEFAULT

BERNARD L. EGOZI, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney duly authorized to practice law in the State of Florida and a member of the bar of the United States District Court for the Southern District of Florida.

2. I have been engaged in the practice of law since 1998.

3. I am the managing partner of the law firm of Egozi & Bennett, P.A. (the "Firm"), and am the attorney of record for Defendant, BLU PRODUCTS, INC. ("BLU Products"), in the above-styled action.

4. On January 26, 2017, the Firm received a copy of the Complaint and Summons in this action via FedEx from the Company Corporation, the registered agent of BLU Products.

5. According to the face of the Summons, service of process was effected on BLU Products on January 23, 2017.

6. Accordingly, a response to the Complaint was due on February 13, 2017.

7. However, due to an inadvertent error, the response date was accidentally calendared for February 16, 2017 (21 days after receipt of the Complaint by the Firm).

8. In reliance on the wrongly entered response date, BLU Products did not file a responsive pleading or otherwise appear in this action by February 13, 2017.

9. On February 15, 2017, I met and conferred with Plaintiff's counsel (along with Plaintiff's counsel in *Bonds, et al. v. BLU Products, Inc., et al.*, Case No.: 16-24892-Civ-COOKE/TORRES) with respect to their proposed motion to consolidate this action with the *Bonds* action.

10. During that meet and confer, Plaintiff's counsel asked me if BLU intended to respond to the Complaint filed in this action as the time had passed for responding.

11. I advised Plaintiff's counsel that I did not have it calendared as having been due yet and that BLU would be filing an answer the next day.

12. The next day, upon such filing, the undersigned reviewed the docket and realized that the Court had requested the entry of a default by the Clerk of Court on February 16, 2017 and the Clerk of Court entered the default on February 16, 2017 (earlier the same day that BLU filed its Answer).

13. BLU Products's failure to timely respond to the Complaint was due to a calendaring error and was not willful or intentional.

Under penalty of perjury, I, Bernard L. Egozi, declare that I have read the foregoing and that the facts stated herein are true based on my personal knowledge.

Executed on February 17, 2017.

BERNARD L. EGOZI